

Attorneys at Law

Allen B. Roberts
t  212.351.3780
aroberts@ebglaw.com

April 16, 2024

<u>VIA ECF</u>
The Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

Re: *Swanson v. Manhattan Beer Distributors LLC et al.*,
 <u>No. 15 Civ. 5383-ENV-TAM</u>

Dear Judge Merkl:

Pursuant to Your Honor's Minute Entry and Order dated February 13, 2024, we write on behalf of Defendants Manhattan Beer Distributors LLC ("Manhattan Beer") and Simon Bergson (collectively, the "Defendants"), jointly with counsel for Plaintiff Larry Swanson ("Plaintiff"), to report on the parties' progress in conducting discovery concerning Plaintiff's New York Labor Law ("NYLL") overtime pay claims, as well as the parties' positions with respect to next steps and potential settlement.

**<u>Discovery Status</u>**

*Defendants' Position*

1. NYLL Overtime Pay Claims for Meal Breaks

Defendants have continued their production regarding Plaintiff's NYLL overtime pay claims. On March 6, 2024, Defendants produced documents as a supplement to their February 9, 2024, production of Plaintiff's time and pay records and served their Objections and Responses to Plaintiff's Fifth Request for Production of Documents. Defendants are continuing to search for documents relevant to claims and defenses to supplement their document production, and the parties will meet and confer in an attempt to resolve issues raised by Plaintiff in a letter served on the evening of April 11, 2024, concerning objections asserted by Defendants in good faith to certain requests.

Defendants have noticed Plaintiff's deposition and Plaintiff noticed the deposition of a Rule 30(b)(6) witness concerning Manhattan Beer's meal break practices. Defendants will confer with Plaintiff's counsel to schedule mutually acceptable deposition dates.

Honorable Taryn A. Merkl
April 16, 2024
Page 2

      2.   Deduction and Separate Transaction Claims for Shortages

In an October 7, 2020, Memorandum and Order (Dkt. 138), one of Judge Vitaliano's rulings granted summary judgment to Plaintiff on his individual claims for the payroll deductions and separate transaction reimbursement he made for certain shortages. Judge Vitaliano found that "between September 18, 2009 through April 19, 2013, Swanson's commissions were deducted by $691.43, and for the period from April 20, 2013 through the date of the filing of the parties' motion papers, Swanson reimbursed Manhattan Beer $78.25 for shortages." *Id.* at 6. Judge Vitaliano also stated that:

> No deductions or reimbursements for shortages were made with respect to Swanson from 2015 through 2018, nor has Swanson ever incurred any deduction or made any payment for misplaced customer payments or other cash shortages.

*Id.*

Plaintiff made a request on the morning of April 11, 2024, that Defendants meet and confer to address class-wide discovery concerning deductions and separate transactions for driver shortages. Plaintiff had served his Fourth Set of Requests for the Production of Documents on this topic on October 28, 2021, and Defendants responded on November 23, 2021. Apart from the recently requested meet and confer, there are no other pending requests, and Defendants intend meeting and conferring in good faith in an effort to address discovery consistent with the Court's guidance during the February 13 conference.

*Plaintiff's Position*

There are two central claims in this litigation: an unlawful deductions claim and a claim for failure to pay wages earned while working through half-hour unpaid lunch breaks. While the claims are in very different stages—Plaintiff has already prevailed on summary judgment on the deductions claim, *see* ECF 138, and discovery on the lunchtime claim has only recently begun, *see* ECF 161—there is substantial outstanding discovery on both claims.

With respect to the unlawful deduction claim, Plaintiff needs but still does not have class-wide damages discovery it has been seeking since September 2018. Defendant has consistently maintained that no class discovery is appropriate until a class is certified. However, in light of Your Honor making clear that "the Court does not preclude the parties from beginning Class-wide discovery[,]" Feb. 13, 2024 Text Order, Plaintiff has requested a meet and confer on this issue and is hopeful the parties can address the issue and come to a resolution next week.

With respect to the unpaid lunchtime claim, Plaintiff issued a limited set of eight document requests on January 16, 2024. Following a request for an extension of time, Defendants served their responses on March 6, 2024. Defendants have refused to produce the substantial majority of discovery Plaintiff requested, instead providing a series of improper and/or invalid objections and a 16-page production consisting solely of excerpts of Defendants' employee manual. Plaintiff has sent Defendants a deficiency letter and requested a meet and confer on the issue.

Honorable Taryn A. Merkl
April 16, 2024
Page 3

If the parties are able to reach a resolution regarding their outstanding discovery disputes, Plaintiff intends to proceed with depositions and a motion for class certification. However, if the parties are unable to reach a resolution regarding either of these discovery disputes, Plaintiff intends to file a motion to compel as this discovery is necessary to allow Plaintiff to complete depositions and move for class certification.

**Settlement**

*Defendants' Position*

Once a factual record concerning Plaintiff's NYLL overtime pay claims for meal breaks is established by depositions noticed by Defendants and Plaintiff, supplementing document production, interrogatory responses, and requests for admission, Defendants will be able to assess their posture relative to those claims. Defendants will be willing to engage in good faith settlement discussions either directly with Plaintiff or in a manner suggested by the Court with respect to remaining claims based upon their assessment of Plaintiff's individual claims and contentions of class-wide representation and the determination of any motions.

*Plaintiff's Position*

As noted in Plaintiff's position above, Defendants have not produced substantial portions of discovery in this matter and until they do, a mediated settlement remains impossible. While Plaintiff is amenable to seeking a class-wide resolution of both claims through mediation, Plaintiff needs data sufficient to form a damages model for both the unlawful deductions claim and the lunchtime claim before he can engage in a meaningful discussion regarding the potential resolution of these claims.

Respectfully Submitted,

/s/ *Allen B. Roberts*
Allen B. Roberts

cc:   All Counsel of Record (via ECF)