

Attorneys at Law

Adriana S. Kosovych
t  212.351.4527
akosovych@ebglaw.com

May 2, 2024

VIA ECF
The Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

      Re:    *Swanson v. Manhattan Beer Distributors LLC et al.*,
               No. 15 Civ. 5383-ENV-TAM

Dear Judge Merkl:

      We write on behalf of Defendants Manhattan Beer Distributors LLC ("Manhattan Beer") and Simon Bergson (collectively, the "Defendants"), to provide the Court Defendants' position regarding the status of discovery and their proposal for remaining discovery and motion practice.[1]

      Defendants maintain that the parties should proceed with noticed depositions of Plaintiff and a 30(b)(6) witness expeditiously, concluding discovery on Plaintiff's individual NYLL overtime pay claim and proceed to dispositive summary judgment, as they did previously with respect to Plaintiff's FLSA claim and certain other NYLL claims. Defendants have produced class-wide policies applicable to Plaintiff. Since the parties' April 16, 2024 status report, Defendants have continued to supplement their production regarding Plaintiff's NYLL overtime pay claims. Specifically, on April 19 and 23, 2024, Defendants served supplemental productions (totaling approximately 355 pages) comprised of Plaintiff's pay statements and materials relating to Manhattan Beer's timekeeping practices. Plaintiff has not shown how time-consuming and costly class-wide discovery is necessary in establishing whether his NYLL overtime pay claims for alleged meal break work can withstand summary judgment.

      Plaintiff has already completed a Rule 30(b)(6) deposition of Manhattan Beer's representative regarding topics selected by Plaintiff concerning shortages and Manhattan Beer's policies and practices for addressing shortages. Plaintiff abandoned any additional testimony about Manhattan Beer's policies, practices and procedures concerning shortages by affirmatively

---

[1] Defendants were finalizing their portion of the joint statement for inclusion in a status report to be filed jointly with Plaintiff, when Plaintiff's counsel informed them (at 5:17 p.m.) that they would be unavailable after 6:00 p.m. and would unilaterally file a status report and proposed discovery schedule without Defendants' input if not received before that time. Therefore, Defendants are constrained to file this letter to provide the Court their position with respect to remaining discovery and case management.

Honorable Taryn A. Merkl
April 12, 2024
Page 2

declining to depose any of the three other individuals whose depositions he had noticed.[2]  Further, on March 29, 2019, Plaintiff represented to the Court that he was prepared to move forward with briefing his motion for class certification, when he proposed a briefing schedule to the Court without reference to any need for further discovery.  (*See* DE 97; *see also* DE 98 (Plaintiff's representation to the Court that "class discovery … will be necessary *if Judge Vitaliano grants Plaintiff's forthcoming class motion*").  Indeed, Plaintiff's class certification motion "has been ready for service to Defendants" since April 8, 2019—again, without the need for any further discovery.  (*See* DE 105; *see also* DE 139 (proposing another briefing schedule for Plaintiff's class certification motion).)  Defendants respectfully submit that Plaintiff's efforts now to encumber and delay case management with overbroad demands for class-wide discovery are not appropriate or essential to his anticipated class certification motion, which is the same motion he has attempted to advance since 2019.

In an effort to attain good faith resolution of differences concerning discovery and case management, on April 24, 2024, the parties met and conferred regarding Plaintiff's Fourth Requests for Production of Documents (concerning Plaintiff's shortages claim, served on October 28, 2021) ("Fourth Requests") and Plaintiff's Fifth Requests for Production of Documents (concerning Plaintiff's NYLL overtime claim related to alleged meal break work, served on January 16, 2024) ("Fifth Requests"), and Defendants' responses thereto.  Despite the Court's express direction to Plaintiff in the February 13, 2024 conference to consider "whether or not [Plaintiff] ha[s] a ***concrete proposal*** … to discuss with the defendants" relative to the additional discovery he seeks concerning his shortages claim (February 13, 2024 Transcript, at 26:7-13 (emphasis added)), Plaintiff did not offer any proposal to narrow the scope of his requests or any other limiting parameters.

Defendants respectfully submit that to the extent Plaintiff intends any motion for class certification to address both Plaintiff's shortage claim and the NYLL overtime claim, all such briefing should be deferred until after the Court rules on Defendants' anticipated summary judgment motion and/or Plaintiff moves for class certification on the basis of the discovery with which he has been content for more than five years.

                        Respectfully Submitted,

                        /s/ *Adriana S. Kosovych*
                        Adriana S. Kosovych

cc:   All Counsel of Record (via ECF)

---

[2] After taking the November 27, 2018 Rule 30(b)(6) deposition of Manhattan Beer's representative, Plaintiff did not go forward with the November 29 deposition of George Wertheimer, Manhattan Beer's Former Chief Financial Officer, although Mr. Wertheimer appeared as noticed.  Plaintiff then unilaterally cancelled the depositions of Mr. Kleberg and Manhattan Beer's President and Chief Executive Officer (and Co-Defendant), Simon Bergson.