# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY SWANSON,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>MANHATTAN BEER DISTRIBUTORS,<br>LLC AND SIMON BERGSON,<br><br>                    Defendants. | Case No. 15 Civ. 5383 (ENV) (RLM) |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVE, AND APPROVAL OF THE NOTICE PLAN AND RELATED PROCEDURES**

WHEREAS, Defendants Manhattan Beer Distributors, LLC, Manhattan Beer Distributors, Inc., and Simon Bergson ("Defendants") and Plaintiff Larry Swanson ("Plaintiff") (collectively, the "Parties") in this proposed class action (the "Action") have entered into the Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement," ECF No. 181-1);

WHEREAS, Plaintiff has moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement and the other terms and conditions of the Settlement Agreement (the "Preliminary Approval Motion"); and

WHEREAS, the Court, having considered the Preliminary Approval Motion, the Settlement Agreement together with all exhibits and attachments thereto, the relevant legal standards, the record in the Action, and the arguments of counsel;

1

NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all capitalized terms shall have the same definitions as set forth in the Settlement Agreement.

2. <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including members of the Class.

3. <u>Preliminary Approval of Proposed Settlement</u>. The Court has considered the pleadings and arguments made by Plaintiff in support of the Preliminary Approval Motion and finds that, subject to further consideration at the Final Approval Hearing, the Settlement is fair, reasonable, adequate, and that the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the Settlement. The Court preliminarily finds that the Settlement is the result of informed, non-collusive, and arm's length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made after multiple days of negotiations, including multiple mediation sessions with experienced class action mediator Robert J. Kheel from December 28, 2020 through April 9, 2021, and additional settlement efforts beginning in February 2024 with the assistance of notable class actions mediator Martin F. Scheinman, Esq., including a joint session on August 14, 2025.

4. The Court likewise preliminarily finds that the Settlement meets the applicable requirements of law, including Rule 23(e); that the relief provided to the Class is adequate; that Plaintiff and Plaintiff's counsel have adequately represented the Class; and that the Settlement treats Class Members equitably relative to each other. The Court therefore grants preliminary approval of the Settlement, including the terms

2

and conditions for settlement and dismissal as set forth in the Settlement Agreement and accompanying Exhibits.

5. <u>Settlement Class</u>. The Court preliminarily finds for settlement purposes only that Plaintiff has met the requirements for class certification under Rules 23(a) and (b) and finds that:

   a. the Class is so numerous that joinder of all members is impracticable;

   b. there are questions of law or fact common to the Class;

   c. the claims of Plaintiff are typical of the claims of the Class;

   d. Plaintiff will fairly and adequately protect the interests of the Class;

   e. questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and

   f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6. For settlement purposes only, the Court provisionally certifies the following subclasses under Rule 23(e):

   a. <u>The Reimbursements Subclasses</u>: All current and former Manhattan Beer employees who were at any time classified as Drivers in Manhattan Beer's records and who worked for Manhattan Beer in New York State at any time from September 18, 2009, through and including the Court's Preliminary Approval of the Settlement.

      i. <u>Reimbursements Subclass A</u>: All current and former Manhattan Beer employees who were at any time classified as Drivers in Manhattan Beer's records and who worked for Manhattan Beer in New York State at any time between September 18, 2009 and April 15, 2016.

      ii. <u>Reimbursements Subclass B</u>: All current and former Manhattan Beer employees who were at any time classified as Drivers in Manhattan Beer's records and who were hired by and worked for Manhattan Beer in New York State at any time after April 15, 2016 through and including the Court's Preliminary Approval of the Settlement.

   b. <u>The Overtime Pay Subclass</u>: All current and former Manhattan Beer employees who were employed as Drivers or Helpers and who worked for Manhattan Beer in New York State at any time from September 18, 2009, through and including the Court's Preliminary Approval of the Settlement.

3

      c. Excluded from the Class are: (a) Defendants; (b) Defendants' legal representatives, officers, directors, assigns, and successors; (c) any individual who has, or who at any time during the class period has had, a controlling interest in Manhattan Beer; and (d) the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate families.

7. <u>Class Representative</u>. For settlement purposes only, the Court preliminarily appoints Plaintiff as the Class Representative.

8. <u>Class Counsel</u>. For settlement purposes only, the Court preliminarily finds that Plaintiff's counsel meet the requirements of Rule 23(g) and appoints Steven L. Wittels, Tiasha Palikovic, and Ethan D. Roman of Wittels McInturff Palikovic as Class Counsel.

9. <u>Settlement Administrator</u>. The Court hereby approves Arden Claims Service LLC ("Arden") to act as Settlement Administrator. Arden shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

10. <u>Qualified Settlement Fund</u>. Arden is authorized to establish the Qualified Settlement Fund ("QSF") pursuant to the terms and conditions set forth in the Settlement Agreement.

11. <u>Class Notice</u>. The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement and documents in support of the Preliminary Approval Motion fully complies with due process and Rule 23. The Court approves, as to form and content, the Notice of Class Action Settlement, the Notice Plan, and the Settlement Agreement's other notice-related terms. Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the Settlement Agreement.

12. <u>Exclusion and Objection Procedure</u>. The Court finds that the Parties have designed reasonable procedures by which Class Members may request exclusion from, or

4

object to, the Settlement. The Court hereby adopts the Settlement Agreement's exclusion and objection procedures.

13. <u>Schedule of Future Events</u>. The Court adopts Plaintiff's proposed schedule of future events as set forth below:

| EVENT | DATE |
|---|---|
| Deadline to substantially complete notice pursuant to Notice Plan ("Notice Date") | 30 days after entry of the Court's Preliminary Approval Order |
| Objection/Exclusion Deadline | 60 days after Notice Date |
| Deadline for motion for final approval of all Settlement terms | Pursuant to schedule set by the Court 14 days after the Objection/Exclusion Deadline |
| Deadline for Parties to file a written response to any valid objection filed by a Class Member | 14 calendar days after Class Counsel has filed the date-stamped originals of all valid objections with the Court, if any |
| Final Approval Hearing | No earlier than ninety (90) days following the date that the Court enters the proposed Preliminary Approval Order |

14. <u>Final Approval Hearing</u>. A Final Approval Hearing is scheduled for _____, 2026 at _____. The Court reserves the right to adjourn the date of the Final Approval Hearing without further individual notice to Class Members. The Court may approve the Settlement with such modifications as may be mutually agreed to by the Parties, if appropriate, without further notice to the Class.

15. All proceedings in this Action are stayed until further order by this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, no Party nor any Class Member, directly or indirectly, representatively,

5

      or in any other capacity, shall commence or prosecute any action, or proceeding in any court or tribunal asserting any claims released by the Settlement Agreement.

16. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court. In such an event, the certification of the Class will be deemed vacated.

17. <u>No Admission of Liability</u>. By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding of admission or liability by Defendants. The Court adopts the limitations on the admissibility of the Settlement Agreement as set forth therein.

18. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over the Action to consider all further matters arising out of, or connected to, the Settlement and the settlement process as described therein and/or permitted under applicable law.

**IT IS SO ORDERED**

Dated: _____, 2025

                                                                                                       The Hon. Eric N. Vitaliano
United States District Judge