# Exhibit D

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

# If you worked at Manhattan Beer as a driver or helper, you could receive a payment from a class action settlement.

*A court authorized sending this Notice of Class Action Settlement. It is not a solicitation from a lawyer.*

- If you were employed by Manhattan Beer Distributors LLC ("Manhattan Beer" or "MBD") as a driver or helper at any time between September 18, 2009 and [PRELIMINARY APPROVAL DATE] you could receive a settlement payment from a class action lawsuit settlement (the "Settlement"), of the case captioned *Swanson v. Manhattan Beer Distributors LLC et al.*, Case No. 1:15-cv-05383-ENV (the "Action" or "Lawsuit").

- The Court did not decide in favor of Plaintiff or Defendants. Both sides believe they would have won at trial, but there was no trial. Instead, the parties agreed to settle the case to avoid the uncertainty, risks, delay, and expense of further litigation. The parties' settlement agreement provides for payments to the current and former workers who qualify. The parties believe the Settlement is fair, reasonable, and in the best interests of the Class.

- Read this Notice carefully, as your legal rights are affected. These rights and options – and the deadlines to exercise them – are explained in this Notice.

| **YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT:** | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the Settlement, you will be mailed a settlement payment by check and you will be legally bound by the Settlement, including the release of claims specified therein. **YOU DO NOT NEED TO DO ANYTHING TO RECEIVE YOUR CHECK**. |
| **IF YOU EXCLUDE YOURSELF** | If you submit a timely opt-out statement on or before _____, 2025, you will not be part of the settlement of this case. If you do so you will **not** receive any settlement payment and you will not be bound by the Settlement of the Action. If you exclude yourself from the Settlement, you may not object. |
| **IF YOU OBJECT** | To object to the Settlement, you may write to the Court (via the Settlement Administrator) about why you disapprove of the Settlement. All objections must be submitted to the Settlement Administrator on or before _____, 2025. You may not, however, object to the Settlement if you exclude yourself from it. |

| IMPORTANT BACKGROUND INFORMATION |
|---|

- This Lawsuit was brought by employees of Manhattan Beer on behalf of themselves and other current and former drivers and helpers to seek payment for alleged unlawful deductions made from drivers' wages, and alleged unpaid overtime wages owed to both drivers and helpers for work performed during lunch breaks, as well as liquidated damages, costs and attorney's fees.

- Manhattan Beer denies these allegations and any wrongdoing, and contends that it paid all of its employees correctly and in compliance with federal, state, and local law.

- The court overseeing this Lawsuit is the United States District Court for the Eastern District of New York. United States District Judge Eric N. Vitaliano is the judge assigned to the case. The case name is *Swanson v. Manhattan Beer Distributors, LLC et al.*, and the case number is 1:15-cv-05383-ENV.

- The Court in charge of this case has granted preliminary approval to the Settlement as fair, reasonable, adequate, and in the best interests of the Class, but still has to decide whether to grant final approval of the Settlement. **Payments will only be made if the Court grants final approval of the Settlement and after any appeals are resolved**. Please be patient.

- The Court will hold a hearing about the fairness of the Settlement on [FAIRNESS HEARING DATE] ("the Fairness Hearing").

| BASIC INFORMATION |
|---|

### WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more people called Class Representatives sue on behalf of other people who are believed to have similar claims. The people together are a "Class" or "Class Members." The Class Representative who sued and the Class Members are called the Plaintiffs. The company they sued is called the Defendant. One court resolves the issues for everyone in the Class.

The Class here consists of all individuals who have been employed by Defendants as drivers or helpers at any time from September 18, 2009 through [PRELIMINARY APPROVAL DATE] ("the Class").

### WHY DID I GET THIS NOTICE?

Manhattan Beer's records show that you worked for Manhattan Beer as a driver or helper at some time between September 18, 2009 and [PRELIMINARY APPROVAL DATE]. You were sent this Notice because you have the right to know about the proposed settlement of this Lawsuit and about your options before the Court decides whether to approve the Settlement. If the Court approves this Settlement, payments will be mailed to everyone who does not exclude themselves. This notice explains the Lawsuit, the Settlement, your legal rights, and what benefits the Settlement will provide.

| WHO IS IN THE SETTLEMENT? |
|---|

**HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?**

Manhattan Beer's records show that you are in the Class because you were employed by Manhattan Beer as a driver or helper between September 18, 2009 and [PRELIMINARY APPROVAL DATE]. If you did not work for Manhattan Beer as a driver or helper during that period, you are not part of the Class and your rights are not affected by the Lawsuit or the Settlement.

| THE CLAIMS IN THE LAWSUIT |
|---|

**WHAT IS THE LAWSUIT ABOUT AND WHY IS THERE A SETTLEMENT?**

The lawsuit alleges that Defendants made improper deductions from drivers' wages and did not properly pay overtime worked during lunch breaks in violation of New York Labor Law ("NYLL"). Defendants deny these allegations and any wrongdoing and contends that it paid all of its employees correctly and in compliance with federal, state, and local law.  The parties in this Action disagree as to the probable outcome of the Action with respect to liability and damages if it were not settled. Nevertheless, both parties recognize the risks, distractions, and costs involved with litigation, and have elected to resolve this matter through settlement.

| THE SETTLEMENT BENEFITS – WHAT YOU GET |
|---|

**WHAT DOES THE SETTLEMENT PROVIDE?**

Pursuant to the terms of the Settlement, Manhattan Beer has agreed to fund a Gross Settlement Amount of $1,000,000, from which net payments to Class Members will be made after costs of the settlement administration, a service award, and attorneys' fees and expenses are reimbursed as described below.

Through this proposed settlement, you are eligible to receive a portion of the Settlement if you do not exclude yourself. This amount is pursuant to a formula based on the number of workweeks you worked for Manhattan Beer as a driver or helper between September 18, 2009, and [PRELIMINARY APPROVAL DATE]. Drivers who were employed before April 15, 2016, will receive an average payment of $739.98. Drivers who were employed only after April 15, 2016, will receive an average payment of $110.82. Helpers will receive an average payment of $35.82.  All eligible drivers who do not exclude themselves from the Settlement will be paid a minimum of $75.00. All eligible helpers who do not exclude themselves from the Settlement will be paid a minimum of $25.00. The Company has produced evidence showing that the deductions from drivers' wages ceased as of April 15, 2016.  Considering this evidentiary support, and to ensure that all drivers are adequately compensated in the Reimbursements Subclass for any alleged damages, a minimum payment was established for Subclass B drivers who worked only after April 15, 2016.  The negotiated Gross Settlement Amount and respective allocation to drivers and helpers is based on Class Counsel's analysis of the relevant claims, evidence, risks, and potential recovery for each group of Class Members.

**HOW CAN I GET A PAYMENT?**

You do not need to do anything to receive a payment under this Settlement. Your settlement check will be automatically mailed to you if the Court approves the Settlement. You will have 90 days to cash any check. After 90 days, the check will be void and you will not have a right to be paid for that Settlement amount. If the Court does not approve the Settlement, no checks will be sent.

**WHEN WILL I RECEIVE MY PAYMENT?**

Before any payments can be made, the Court must first decide whether to approve the Settlement after a fairness hearing to be held on [FAIRNESS HEARING DATE]. If the Court approves the Settlement and you haven't excluded yourself, then you will receive a check.

If your contact information changes, you must notify the Settlement Administrator of your new address immediately to ensure that you will receive your check by mail. The Settlement Administrator's contact information is below.

### WHAT AM I GIVING UP TO GET A PAYMENT AS A PART OF THE SETTLEMENT?

If the Court approves the settlement, the settlement payment will come as a check. By signing, cashing, or depositing the settlement check, you will be releasing all claims brought in this case, and you will agree not to sue Defendants again about any of the claims brought in this case. However, even if you do not cash your settlement check, if the Court approves the settlement and you do not exclude yourself, you will still be releasing the Defendants and their related entities from all claims that were or should have reasonably been brought in this class action up to the date of [PRELIMINARY APPROVAL DATE] under the NYLL. The only way for you to be part of any other litigation against Manhattan Beer that covers the above NYLL legal claims for the period between September 18, 2009 and [PRELIMINARY APPROVAL DATE] is for you to exclude yourself from the settlement.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

**HOW DO I EXCLUDE MYSELF OR OPT-OUT OF THE SETTLEMENT?**

If you want to be excluded, then you must take steps to exclude yourself by submitting an "opt-out" statement to the Settlement Administrator by [BAR DATE]. To be valid, your opt-out statement must include (1) your name, (2) your address, (3) your phone number, and (4) a statement that you choose to exclude yourself from the class settlement in *Swanson v. Manhattan Beer Distributors, LCC*. To be valid, your opt-out statement must be returned to the Settlement Administrator by mail, email, or fax. If mailed, the statement must be postmarked on or before [BAR DATE]. If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on [BAR DATE]. The Settlement Administrator's address, email address, phone, and fax numbers are below:

**[SETTLEMENT ADMINISTRATOR]**
**[ADDRESS]**
**[CITY, STATE, ZIP]**
Tel: **[NUMBER]** | Fax: **[NUMBER]**
Email: **[EMAIL ADDRESS]**

If you choose to exclude yourself from the Settlement, then: (1) you will **not** get any payment under this Settlement; and (2) you cannot object to the Settlement. By excluding yourself from the Settlement, you will not be legally bound by the Settlement, and you keep your right to sue the Defendants at your own expense for the claims in this lawsuit if they are not too late under the applicable statute of limitations.

## OBJECTING TO THE SETTLEMENT

### HOW DO I SUBMIT AN OBJECTION TO THE SETTLEMENT?

If you are a Class Member, you may object to the Settlement. Any Class Member who wishes to present their objections to the Settlement at the Fairness Hearing must first state their objections in writing according to the following procedures.

To be valid, your objection must be sent to the Settlement Administrator by mail, email, or fax. If mailed, the statement must be postmarked on or before [BAR DATE]. If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on [BAR DATE]. The Settlement Administrator's address, email address, phone and fax numbers are below:

**Manhattan Beer Settlement Administrator**
**PO Box 1015**
**Port Washington, NY 11050**
**Tel: 516-399-3018 | Fax: 516-591-0539**
Email: **[EMAIL ADDRESS]**

To be valid, any objection must be in writing and contain all of the following:

1. a reference to *Swanson v. Manhattan Beer Distributors, LLC*;

2. the objector's full name, address, telephone number, and personal signature (a typed signature or an attorney's signature will not satisfy this requirement);

3. a written statement of all reasons for the objection;

4. the name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;

5. a statement of whether the objector intends to appear at the Fairness Hearing, and;

6. only if the objector intends to appear at the Fairness Hearing through counsel, a statement identifying all attorneys representing the objector who will appear at the Fairness Hearing;

In addition, any objection written or submitted with the assistance of an attorney or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection must also contain all of the following to be valid:

7. a written statement of any legal support for such objection;

8. copies of any papers, briefs, or other documents upon which the objection is based;

9. a list of all persons who will be called to testify in support of the objection, if any;

10. a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item submitted in any action in the previous five (5) years. If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection; and

11. a statement of the Class Member's membership in the Class.

Any objections that are not submitted on time or in accordance with the procedures in this notice will be waived. Any Class Member who fails to submit a timely and valid objection gives up their right to object to the Settlement and will not be allowed to seek any review of the Settlement, including an appeal.

You have the right to retain a lawyer at your own expense to present your objection. If you retain a lawyer to present an objection, your lawyer must file a notice of appearance with the Court and the Settlement Administrator no later than [DATE], that states whether counsel intends to appear at the Fairness Hearing.

An objection may be withdrawn at any time.

### WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE SETTLEMENT AND EXCLUDING YOURSELF FROM THE SETTLEMENT?

Objecting is simply telling the Court that you do not like something in the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you object to the Settlement but the Court later approves the Settlement, you will still be legally bound by the Settlement and will still be mailed a settlement check. You cannot object to the Settlement if you exclude yourself from the Settlement.

| **THE LAWYERS REPRESENTING YOU** |
|---|

### WHO IS CLASS COUNSEL?

The Court has appointed Wittels McInturff Palikovic as Class Counsel to represent you and the other Class Members. Lead Class Counsel are:

> Steven L. Wittels, Esq.
> Tiasha Palikovic, Esq.
> Ethan D. Roman, Esq.
> WITTELS MCINTURFF PALIKOVIC
> 305 BROADWAY, 7TH FLOOR
> NEW YORK, NY 10007
> case@wittelslaw.com
> Tel: (914) 775-8862
> Fax: (914) 775-8862

### HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court to approve payment of up to one-third of the Gross Settlement Amount for attorneys' fees ($333,333.33). Class Counsel have worked for ten years without pay or any guarantee of pay. These fees would compensate Class Counsel for investigating the facts, litigating the case, negotiating the Settlement, and supervising the administration of the Settlement. Class Counsel will also ask the Court to approve reimbursement of their out-of-pocket expenses totaling approximately $15,000 for litigation expenses and costs.

### WHAT IS A SERVICE AWARD?

Class Counsel will also ask the Court to authorize that a service award of no more than $15,000 to be paid to the Named Plaintiff and Class Representative from the settlement fund. The service award is in recognition of the Class Representative for, among other things, bringing this action, testifying at a deposition, and providing important information throughout the many years of the case that was used to help achieve the Settlement.

### WHO IS THE SETTLEMENT ADMINISTRATOR?

The parties have hired Arden Claims Service to provide this notice to you and to administer the settlement payments for a fee of up to $30,500 to be paid out of the total settlement fund. Any fees over $30,500, and agreed upon by the parties, will be paid separately by the settlement fund.

| **THE FAIRNESS HEARING** |
|---|

### WHAT IS A FAIRNESS HEARING, AND WHEN AND WHERE WILL IT TAKE PLACE?

The Court will hold a hearing to decide whether to approve the Settlement on [DATE] at Courtroom [NUMBER] (XX$^{th}$ Floor) of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201. [TIME] EST before the Honorable Eric N. Vitaliano. **You do not have to attend the Fairness Hearing to receive your settlement payment.**

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take for the Court to make a decision regarding the Settlement.

### DO I HAVE TO ATTEND THE FAIRNESS HEARING?

No. Class Counsel will represent you at the hearing. Although you are welcome to attend the Fairness Hearing, you do not need to do so to receive a settlement payment. Likewise, if you send an objection, you may, but you are not required to, attend the Fairness Hearing. As long as you send a valid objection that is on time, the Court will consider it. You may also pay your own lawyer (other than Class Counsel) to attend the Fairness Hearing, but it is not necessary.

If you wish to speak at the hearing, you may ask the Court for permission to speak at the Fairness Hearing. In order to speak at the hearing, you must send a letter to the Court, labeled "Notice of Intention to Appear in *Swanson v. Manhattan Beer Distributors, LLC,* Dkt. No. 15-cv-05383." Be sure to include your name, address, phone number, and your signature. This Notice must be sent to the Clerk of Court, United States District Court, Eastern District of New York, 225 Cadman Plaza E, Brooklyn, NY 11201 and must be postmarked **no later than [date].**

### GETTING MORE INFORMATION

### HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?

To obtain more information, you can contact the Settlement Administrator at 516-399-3018; or you may contact Class Counsel Steven L. Wittels, Tiasha Palikovic, and Ethan D. Roman at case@wittelslaw.com or (914) 775-8862. You may also get a copy of the full settlement agreement by email or mail if you request it. You can see the Court file for *Swanson v. Manhattan Beer Distributors, Inc.*, Dkt. No. 15-cv-05383, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR MANHATTAN BEER WITH INQUIRIES ABOUT THE SETTLEMENT.**