# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LARRY SWANSON,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                                    Plaintiff,<br><br>           v.<br><br>MANHATTAN BEER DISTRIBUTORS,<br>LLC AND SIMON BERGSON,<br><br>                               Defendants. | Case No. 15 Civ. 5383 (ENV) (RLM) |

**[PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF THE CLASS; (2) GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE**

WHEREAS, the Parties in the above-captioned matter (the "Action") entered into the Class Action Settlement Agreement (the "Settlement Agreement," ECF No. 181-1);

WHEREAS, Plaintiffs have submitted to the Court their Motion for Final Approval of the Class Action Settlement and Related Relief (ECF No. 194);

WHEREAS, on March 27, 2026, the Court issued its Order Granting Plaintiff's Motion for Preliminary Approval of the Class Action Settlement and Related Relief, ECF No. 191-1);

WHEREAS, the Preliminary Approval Order *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for settlement purposes only, this action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and certified the Class; (3) appointed Plaintiff Larry Swanson as the Class Representative; (4) appointed Wittels McInturff Palikovic as Class Counsel; (5) approved the form and manner of notice to the Class

("Class Members") and other settlement-related procedures; and (6) set the date for a hearing to consider final approval of the Settlement;

WHEREAS, notice was provided to the Class in accordance with the Court's Preliminary Approval Order, and the other components of the court-approved notice and settlement procedures were implemented;

WHEREAS, on July 20, 2026 at 10:00 am at the United States District Court for the Eastern District of New York, the Honorable Taryn A. Merkl held a Fairness Hearing to determine whether the Settlement's terms are fair, reasonable, and adequate, and to consider the application of Class Counsel for Service Awards for the Class Representatives and for attorneys' fees and reimbursement of expenses; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, the argument of counsel, and being otherwise fully advised;

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.      For purposes of this Order and Final Judgment (the "Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including all Class Members pursuant to 28 U.S.C. § 1332(d)..

3.      With respect to the Class, the Court finally certifies the following subclasses for settlement purposes only and for the reasons set forth in the Preliminary Approval Order:

> a.      The Reimbursements Subclasses: All current and former Manhattan Beer employees who were at any time classified as Drivers in Manhattan Beer's records and who worked for Manhattan Beer in New York State at any time from September 18, 2009, through and including the Court's Preliminary Approval of the Settlement.

2

   i.  <u>Reimbursements Subclass A</u>: All current and former Manhattan Beer employees who were at any time classified as Drivers in Manhattan Beer's records and who worked for Manhattan Beer in New York State at any time between September 18, 2009, and April 15, 2016.

   ii.  <u>Reimbursements Subclass B</u>: All current and former Manhattan Beer employees who were at any time classified as Drivers in Manhattan Beer's records and who were hired by and worked for Manhattan Beer in New York State at any time after April 15, 2016, through and including the Court's Preliminary Approval of the Settlement.

  b.  <u>The Overtime Pay Subclass</u>: All current and former Manhattan Beer employees who were employed as Drivers or Helpers and who worked for Manhattan Beer in New York State at any time from September 18, 2009, through and including the Court's Preliminary Approval of the Settlement.

  c.  Excluded from the Class are: (a) Defendants; (b) Defendants' legal representatives, officers, directors, assigns, and successors; (c) any individual who has, or who at any time during the class period has had, a controlling interest in Manhattan Beer; and (d) the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate families.

4.  Pursuant to Rule 23(c)(3), all persons within the Class, other than those excluded above, are bound by this Judgment.

5.  The Court reaffirms the appointment of Class Counsel and Class Representative as set forth in the Preliminary Approval Order.

6.  Based on the evidence and other material submitted in conjunction with the Fairness Hearing, the Court hereby finds and concludes that notice was disseminated to the Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order.

7.  The Court finds and concludes that the Notice and all other aspects of the Notice Plan, exclusion, and objection procedures set forth in the Settlement Agreement fully satisfy Rule 23 and the requirements of due process; and were the best practicable under the circumstances.

8.  There were no objections to the Settlement, and no Class Members requested to opt out of the Settlement.

3

9.      The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties.

10.      The Court finds and concludes that, with respect to the Class, the Settlement meets the criteria for final approval set forth in Rule 23(e)(2) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and that the Settlement is fair, reasonable, and adequate, and should be approved.

11.      The Court hereby approves the Settlement and directs the Parties to consummate the Settlement Agreement according to its terms. The Settlement Agreement's terms, including the releases therein, are fair, just, reasonable, and adequate. Upon the Effective Date, all Released Claims are fully, finally, and forever released, relinquished, and discharged. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Judgment. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Judgment.

12.      The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

13.      Upon consideration of Class Counsel's request for a Service Award to the Class Representative, the request is granted. The Service Award shall be paid from the Settlement Fund in the amount requested and on terms specified in the Settlement Agreement.

14.      Upon consideration of Class Counsel's request for an award of fees and costs, the request is granted. Class Counsel's fees and expenses shall be paid from the Settlement Fund in the amount requested and on terms specified in the Settlement Agreement.

4

15.    This action is hereby dismissed on the merits and with prejudice. The Action is closed. Without affecting the finality of this Judgment in any way, the Court hereby retains jurisdiction, to the extent necessary, to enforce the terms of the Settlement Agreement.

16.    This document is a final, appealable order and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**

Dated: _____, 2026.

_____
The Hon. Taryn A. Merkl
United States Magistrate Judge