# Exhibit D

Case 1:15-cv-05383-ENV-TAM    Document 196-4    Filed 07/10/26    Page 1 of 12 PageID #: 4713

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LARRY SWANSON,

Individually and on Behalf of All Others Similarly Situated,

         Plaintiff,

  -against-

MANHATTAN BEER DISTRIBUTORS, LLC
AND SIMON BERGSON,

        Defendants.

No. 15-CV-5383 (ENV) (TAM)

I, WILLIAM VARON, declare the following under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1.      I am the Executive Director of Finance and Operations for Arden Claims Service LLC ("Arden"), the settlement administrator in the above-entitled action. My business address is 322 Main Street, Port Washington, New York 11050. My telephone number is (516) 944-2700.

2.      Arden is a class action settlement administration company headquartered in Port Washington, New York. It was founded by individuals who have decades of experience in arbitration, mediation, and the practice of law, including class actions, and includes staff with years of experience in third-party claims administration, mail-house operations and call center support management.

3.      Arden was jointly selected by the parties as the Claims Administrator and appointed by the Court on March 27, 2026, to administer the settlement in the above referenced action in accordance with the terms of the Settlement Agreement and Release entered into on November 13,

2025 (the "Settlement"). Arden has been and, if the court grants the final approval of the Settlement will continue to be responsible for, providing settlement administration services.

## NOTIFICATIONS TO THE CLASS

4.      On May 5, 2026, Arden received the final Court-approved Notice (hereinafter, the "Notice Packet") from Class Counsel. The Notice Packet advised Class Members of their right to opt-out from or object to the Settlement and the implications of each such action. The Notice Packet advised Class Members of applicable deadlines and other events including the date and location of the Fairness Hearing, and how Class Members could obtain additional information. A sample of the Notice Packet is attached hereto as Exhibit 1.

5.      On April 29, 2026, Defendants' counsel provided Arden and Class Counsel with a list (hereinafter, the "Class List") containing the name and last known mailing addresses of each of the 2,018 Class Members. Defendants have certified that the Class List data represents the most current and up to date information that Defendants have for Class Members.

6.      The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the United States Postal Service ("USPS"). The NCOA contains changes of address information filed with the USPS. If any individual on the Class List had filed a USPS change of address request, the address listed with the NCOA was utilized to mail the Notice Packet.

7.      On May 6, 2026, the Notice Packet was mailed via First Class Mail to 2,018 Class Members contained in the Class List and emailed to 1,068 Class Members.

8.      Arden received 205 Notice Packets back as undeliverable. Two (2) of the Notice Packets were returned by the USPS as undeliverable but with a forwarding address, and these were re-mailed to the forwarding addresses received. 203 Notice Packets were returned without a

forwarding address. Arden performed an advanced address search on these addresses by using LexisNexis Batch Search Solutions tool, a research tool that is commonly used in the settlement administration industry. Arden used the Class Member's name, previous address, and social security number, if one was available, to attempt to obtain a current address. Through the 203 advanced address searches performed, Arden was able to locate 191 updated addresses and Arden promptly re-mailed Notice Packets to Class Members to those updated addresses. Twenty-two (22) Notice Packets were returned undelivered a second time. Accordingly, Arden was able to re-mail a total of 201 Notice Packets (including 191 from advanced address searches, two (2) to forwarding addresses, and eight (8) requested to be sent by mail).

9. Ultimately, the number of Class Members who received Notice Packets was 1,984 out of the class list of 2,018. Thirty-four (34) Class Members were not located. Ultimately, notice reached approximately 98% of Class Members.

10. The Federal Judicial Center's Class Action Notice and Claims Process Checklist states that notice is reasonable when it reaches at least 70–95% of the class, and the median class action notice reaches 87% of the class.[1] The reach of notice here was therefore reasonable and exceeded the median identified by the FJC. *Id.*

### EXCLUSIONS AND OBJECTIONS

11. The deadline for Class Members to opt-out or object to the Settlement was July 6, 2025.

12. Arden received no requests for exclusion from the Settlement.

13. Arden also received no objections to the Settlement.

---

[1] *Available at* https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

## BREAKDOWN OF SETTLEMENT FUND

14.    Payments pursuant to the Settlement are, subject to court-approval, to be allocated as follows:

| | |
|---|---|
| **Gross Settlement Fund:** | $ 1,000,000.00 |
| Less Attorney's Fees & Costs: | $ 333,333.00 |
| Less Class Counsel's Expenses: | $ 4,559.19 |
| Less Claims Administrator Fees: | $ 30,500.00 |
| Less Plaintiff Service Payment: | $ 15,000.00 |
| Less Reserve Fund: | $ 5,000.00 |
| **NET SETTLEMENT FUND** | **$ 611,607.81** |

15.    As of this date, there are 2,018 Class Members eligible to receive payment as the Settlement was an opt-out settlement and Class Members are eligible if they did not opt-out.

## ADMINISTRATION COSTS

16.    Arden's fees and expenses for services rendered in connection with the administration of this Settlement including fees incurred and anticipated future costs for completion of the administration are $30,500. Arden will continue its work on this matter by distributing checks to each Class Member, responding to Class Member inquiries, reissuing Class Member payments, correcting errors and omissions, and administering the reserve fund.

17.    I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct. Executed this 10th day of July 2026, at Port Washington, New York.

DATED: July 10, 2026

William Varon

# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

# If you worked at Manhattan Beer as a driver or helper, you could receive a payment from a class action settlement.

**A court authorized sending this Notice of Class Action Settlement. It is not a solicitation from a lawyer.**

- If you were employed by Manhattan Beer Distributors, LLC ("Manhattan Beer" or "MBD") as a driver or helper at any time between September 18, 2009 and March 27, 2026, you could receive a settlement payment from a class action lawsuit settlement (the "Settlement"), of the case captioned Swanson v. Manhattan Beer Distributors LLC et al., Case No. 1:15-cv-05383-ENV (the "Action" or "Lawsuit").
- The Court did not decide in favor of Plaintiff or Defendants. Both sides believe they would have won at trial, but there was no trial. Instead, the parties agreed to settle the case to avoid the uncertainty, risks, delay, and expense of further litigation. The parties' settlement agreement provides for payments to the current and former workers who qualify. The parties believe the Settlement is fair, reasonable, and in the best interests of the Class.
- Read this Notice carefully, as your legal rights are affected. These rights and options – and the deadlines to exercise them – are explained in this Notice.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the Settlement, you will be mailed a settlement payment by check and you will be legally bound by the Settlement, including the release of claims specified therein. **YOU DO NOT NEED TO DO ANYTHING TO RECEIVE YOUR CHECK**. |
| **IF YOU EXCLUDE YOURSELF** | If you submit a timely opt-out statement on or before July 6, 2026, you will not be part of the settlement of this case. If you do so you will **not** receive any settlement payment and you will not be bound by the Settlement of the Action. If you exclude yourself from the Settlement, you may not object. |
| **IF YOU OBJECT** | To object to the Settlement, you may write to the Court (via the Settlement Administrator) about why you disapprove of the Settlement. All objections must be submitted to the Settlement Administrator on or before July 6, 2026. You may not, however, object to the Settlement if you exclude yourself from it. |

## IMPORTANT BACKGROUND INFORMATION

- This Lawsuit was brought by employees of Manhattan Beer on behalf of themselves and other current and former drivers and helpers to seek payment for alleged unlawful deductions made from drivers' wages, and alleged unpaid overtime wages owed to both drivers and helpers for work performed during lunch breaks, as well as liquidated damages, costs and attorney's fees.
- Manhattan Beer denies these allegations and any wrongdoing, and contends that it paid all of its employees correctly and in compliance with federal, state, and local law.
- The court overseeing this Lawsuit is the United States District Court for the Eastern District of New York. United States District Judge Eric N. Vitaliano is the judge assigned to the case. The case name is Swanson v. Manhattan Beer Distributors, LLC et al., and the case number is 1:15-cv-05383-ENV.
- The Court in charge of this case has granted preliminary approval to the Settlement as fair, reasonable, adequate, and in the best interests of the Class, but still has to decide whether to grant final approval of the Settlement. **Payments will only be made if the Court grants final approval of the Settlement and after any appeals are resolved.** Please be patient.
- The Court will hold a hearing about the fairness of the Settlement on July 22, 2026 ("the Fairness Hearing").

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

## BASIC INFORMATION

### WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more people called Class Representatives sue on behalf of other people who are believed to have similar claims. The people together are a "Class" or "Class Members." The Class Representative who sued and the Class Members are called the Plaintiffs. The company they sued is called the Defendant. One court resolves the issues for everyone in the Class.

The Class here consists of all individuals who have been employed by Defendants as drivers or helpers at any time from September 18, 2009 through March 27, 2026 ("the Class").

### WHY DID I GET THIS NOTICE?

Manhattan Beer's records show that you worked for Manhattan Beer as a driver or helper at some time between September 18, 2009 and March 27, 2026. You were sent this Notice because you have the right to know about the proposed settlement of this Lawsuit and about your options before the Court decides whether to approve the Settlement. If the Court approves this Settlement, payments will be mailed to everyone who does not exclude themselves. This notice explains the Lawsuit, the Settlement, your legal rights, and what benefits the Settlement will provide.

## WHO IS IN THE SETTLEMENT?

### HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

Manhattan Beer's records show that you are in the Class because you were employed by Manhattan Beer as a driver or helper between September 18, 2009 and March 27, 2026. If you did not work for Manhattan Beer as a driver or helper during that period, you are not part of the Class and your rights are not affected by the Lawsuit or the Settlement.

## THE CLAIMS IN THE LAWSUIT

### WHAT IS THIS LAWSUIT ABOUT AND WHY IS THERE A SETTLEMENT?

The lawsuit alleges that Defendants made improper deductions from drivers' wages and did not properly pay overtime worked during lunch breaks in violation of New York Labor Law ("NYLL"). Defendants deny these allegations and any wrongdoing and contend that they paid all of their employees correctly and in compliance with federal, state, and local law. The parties in this Action disagree as to the probable outcome of the Action with respect to liability and damages if it were not settled. Nevertheless, all parties recognize the risks, distractions, and costs involved with litigation, and have elected to resolve this matter through settlement.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### WHAT DOES THE SETTLEMENT PROVIDE?

Pursuant to the terms of the Settlement, Manhattan Beer has agreed to fund a Gross Settlement Amount of $1,000,000, from which net payments to Class Members will be made after costs of the settlement administration, a service award, and attorneys' fees and expenses are reimbursed as described below.

Through this proposed settlement, you are eligible to receive a portion of the Settlement if you do not exclude yourself. This amount is pursuant to a formula based on the number of workweeks you worked for Manhattan Beer as a driver or helper between September 18, 2009, and March 27, 2026. Drivers who were employed before April 15, 2016 (Subclass A in the Settlement), will receive an average payment of $739.98. Drivers who were employed only after April 15, 2016 (Subclass B in the Settlement), will receive an average payment of $110.82. Helpers will receive an average payment of $35.82. All eligible drivers who do not exclude themselves from the Settlement will be paid a minimum of $75.00. All eligible helpers who do not exclude themselves from the Settlement will be paid a minimum of $25.00. The Company has produced evidence showing that the deductions from drivers' wages ceased as of April 15, 2016, the last hire date for Subclass A drivers. Considering this evidentiary support, and to ensure that all drivers are adequately compensated in the Reimbursements Subclass for any alleged damages, a minimum payment was established for Subclass B drivers who worked only after April 15, 2016. The negotiated Gross Settlement Amount and respective

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

allocation to drivers and helpers is based on Class Counsel's analysis of the relevant claims, evidence, risks, and potential recovery for each group of Class Members.

## HOW CAN I GET A PAYMENT?

You do not need to do anything to receive a payment under this Settlement. Your settlement check will be automatically mailed to you if the Court approves the Settlement. You will have 90 days to cash any check. After 90 days, the check will be void and you will not have a right to be paid for that Settlement amount. If the Court does not approve the Settlement, no checks will be sent.

## WHEN WILL I RECEIVE MY PAYMENT?

Before any payments can be made, the Court must first decide whether to approve the Settlement after a fairness hearing to be held on July 22, 2026. If the Court approves the Settlement and you haven't excluded yourself, then you will receive a check.

If your contact information changes, you must notify the Settlement Administrator of your new address immediately to ensure that you will receive your check by mail. The Settlement Administrator's contact information is below.

## WHAT AM I GIVING UP TO GET A PAYMENT AS A PART OF THE SETTLEMENT?

If the Court approves the settlement, the settlement payment will come as a check. By signing, cashing, or depositing the settlement check, you will be releasing all claims brought in this case, and you will agree not to sue Defendants again about any of the claims brought in this case. However, even if you do not cash your settlement check, if the Court approves the settlement and you do not exclude yourself, you will still be releasing the Defendants and their related entities from all claims that were or should have reasonably been brought in this class action up to the date of March 27, 2026 under the NYLL. The only way for you to be part of any other litigation against Manhattan Beer that covers the above NYLL legal claims for the period between September 18, 2009 and March 27, 2026 is for you to exclude yourself from the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## WHAT DOES EXCLUDING MYSELF FROM THE SETTLEMENT MEAN?

If you want to be excluded, then you must take steps to exclude yourself by submitting an "opt-out" statement to the Settlement Administrator by July 6, 2026. To be valid, your opt-out statement must include (1) your name, (2) your address, (3) your phone number, and (4) a statement that you choose to exclude yourself from the class settlement in Swanson v. Manhattan Beer Distributors, LLC. To be valid, your opt-out statement must be returned to the Settlement Administrator by mail, email, or fax. If mailed, the statement must be postmarked on or before July 6, 2026. If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on July 6, 2026. The Settlement Administrator's address, email address, phone, and fax numbers are below:

**Manhattan Beer Settlement Administrator**
**PO Box 1015**
**Port Washington, NY 11050**
**Tel: 516-461-2682 | Fax: 516-778-5995**

**Email: ManhattanBeerSettlement.info@ardenclaims.com**

If you choose to exclude yourself from the Settlement, then: (1) you will **not** get any payment under this Settlement; and (2) you cannot object to the Settlement. By excluding yourself from the Settlement, you will not be legally bound by the Settlement, and you keep your right to sue the Defendants at your own expense for the claims in this lawsuit if they are not too late under the applicable statute of limitations.

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

## OBJECTING TO THE SETTLEMENT

### HOW CAN AN OBJECTION BE MADE?

If you are a Class Member, you may object to the Settlement. Any Class Member who wishes to present their objections to the Settlement at the Fairness Hearing must first state their objections in writing according to the following procedures.

To be valid, your objection must be sent to the Settlement Administrator by mail, email, or fax.  If mailed, the statement must be postmarked on or before July 6, 2026. If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on July 6, 2026.  The Settlement Administrator's address, email address, phone and fax numbers are below"

**Manhattan Beer Settlement Administrator**
**PO Box 1015**
**Port Washington, NY 11050**
**Tel: 516-461-2682 | Fax: 516-778-5995**
**Email: ManhattanBeerSettlement.info@ardenclaims.com**

To be valid, any objection must be in writing and contain all of the following:

1. a reference to *Swanson v. Manhattan Beer Distributors, LLC*;
2. the objector's full name, email address, telephone number, and personal signature (a typed signature or an attorney's signature will not satisfy this requirement);
3. a written statement of all reasons for the objection;
4. the name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;
5. a statement of whether the objector intends to appear at the Fairness Hearing, and;
6. only if the objector intends to appear at the Fairness Hearing through counsel, a statement identifying all attorneys representing the objector who will appear at the Fairness Hearing;

In addition, any objection written or submitted with the assistance of an attorney or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection must also contain all of the following to be valid:

1. a written statement of any legal support for such objection;
2. copies of any papers, briefs, or other documents upon which the objection is based;
3. a list of all persons who will be called to testify in support of the objection, if any;
4. a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item submitted in any action in the previous five (5) years.  If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection; and
5. a statement of the Class Member's membership in the Class.

Any objections that are not submitted on time or in accordance with the procedures in this notice will be waived. Any Class Member who fails to submit a timely and valid objection gives up their right to object to the Settlement and will not be allowed to seek any review of the Settlement, including an appeal.

You have the right to represent yourself or to retain a lawyer at your own expense to present your objection. If you retain a lawyer to present an objection, your lawyer must file a notice of appearance with the Court and the Settlement Administrator no later than July 20, 2026, that states whether counsel intends to appear at the Fairness Hearing.

An objection may be withdrawn at any time.

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

## WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE SETTLEMENT AND EXCLUDING YOURSELF FROM THE SETTLEMENT?

Objecting is simply telling the Court that you do not like something in the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you object to the Settlement but the Court later approves the Settlement, you will still be legally bound by the Settlement and will still be mailed a settlement check. You cannot object to the Settlement if you exclude yourself from the Settlement.

---

### THE LAWYERS REPRESENTING YOU

---

### WHO IS CLASS COUNSEL?

The Court has appointed Wittels McInturff Palikovic as Class Counsel to represent you and the other Class Members. You also have the right to represent yourself or to retain a lawyer at your own expense. Lead Class Counsel are:

Steven L. Wittels, Esq.
Tiasha Palikovic, Esq.
Ethan D. Roman, Esq.
WITTELS MCINTURFF PALIKOVIC
305 BROADWAY, 7TH FLOOR
NEW YORK, NY 10007
case@wittelslaw.com
Tel: (914) 775-8862
Fax: (914) 775-8862

### HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court to approve payment of up to one-third of the Gross Settlement Amount for attorneys' fees ($333,333.33). Class Counsel have worked for ten years without pay or any guarantee of pay. These fees would compensate Class Counsel for investigating the facts, litigating the case, negotiating the Settlement, and supervising the administration of the Settlement. Class Counsel will also ask the Court to approve reimbursement of their out-of-pocket expenses totaling approximately $15,000 for litigation expenses and costs.

### WHAT IS A SERVICE AWARD?

Class Counsel will also ask the Court to authorize that a service award of no more than $15,000 to be paid to the Named Plaintiff and Class Representative from the settlement fund.  The service award is in recognition of the Class Representative for, among other things, bringing this action, testifying at a deposition, and providing important information throughout the many years of the case that was used to help achieve the Settlement.

### WHO IS THE SETTLEMENT ADMINISTRATOR?

The parties have hired Arden Claims Service to provide this notice to you and to administer the settlement payments for a fee of up to $30,500 to be paid out of the total settlement fund.  Any fees over $30,500, and agreed upon by the parties, will be paid separately by the settlement fund.

### WHAT'S A FAIRNESS HEARING, AND WHEN AND WHERE IS IT?

The Court will hold a hearing to decide whether to approve the Settlement on July 22, 2026 at Courtroom 13D S (13th Floor) of the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, 10:00 am EDT before the Honorable Taryn A. Merkl. **You do not have to attend the Fairness Hearing to receive your settlement payment.**

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take for the Court to make a decision regarding the Settlement.

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

## DO I HAVE TO ATTEND THE FAIRNESS HEARING?

No. Class Counsel will represent you at the hearing. Although you are welcome to attend the Fairness Hearing, you do not need to do so to receive a settlement payment. Likewise, if you send an objection, you may, but you are not required to, attend the Fairness Hearing. As long as you send a valid objection that is on time, the Court will consider it. You may also pay your own lawyer (other than Class Counsel) to attend the Fairness Hearing or attend yourself without a lawyer, but it is not necessary.

If you wish to speak at the hearing, you may ask the Court for permission to speak at the Fairness Hearing.  In order to speak at the hearing, you must send a letter to the Court, labeled "Notice of Intention to Appear in Swanson v. Manhattan Beer Distributors, LLC, Dkt. No. 15-cv-05383." Be sure to include your name, address, phone number, and your signature. This Notice must be sent to the Clerk of Court, United States District Court, Eastern District of New York, 225 Cadman Plaza E, Brooklyn, NY 11201 and must be postmarked **no later than July 6, 2026**.

## GETTING MORE INFORMATION

## HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?

To obtain more information, you can contact the Settlement Administrator at 516-399-3018; or you may contact Class Counsel Steven L. Wittels, Tiasha Palikovic, and Ethan D. Roman at case@wittelslaw.com or (914) 775-8862. You may also get a copy of the full settlement agreement by email or mail if you request it. You can see the Court file for Swanson v. Manhattan Beer Distributors, Inc., Dkt. No. 15-cv-05383, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR MANHATTAN BEER WITH INQUIRIES ABOUT THE SETTLEMENT.**