

July 13, 2026

<u>**Via ECF**</u>
The Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

**Re:**   ***Swanson v. Manhattan Beer Distribs., LLC*, Case No. 15 Civ. 5383 (ENV) (TAM)**

Dear Judge Merkl:

In connection with filing his forthcoming Motion for Final Approval of the Class Action Settlement and Related Relief ("Final Approval Motion"), Plaintiff Larry Swanson hereby moves this Court for leave to file Class Counsel's time records, containing detailed descriptions of legal services rendered in prosecuting this class action, under seal and ex parte. Defendants take no position with respect to this application.

Class Counsel's time records consist of detailed accounts of the legal services rendered on behalf of Plaintiff and the Class. It is well-settled in this Circuit that because contemporaneous time records contain significant attorney-client information, attorney work product, and proprietary business information, they should not be made public. *See Cassese v. Williams*, 503 F. App'x 55, 58 (2d Cir. 2012) (upholding order sealing class counsel's time records and finding "[no] error in the district court's failure to order disclosure of class counsel's contemporaneous time records, appended to the fee request and filed under seal. While applications for attorney's fees must be supported by contemporaneous billing records, we are aware of no authority holding that class counsel must open its books . . . for inspection by virtue of filing a fee motion.") (cleaned up); *see also In re Pall Corp. Class Action Attorneys' Fees Application*, 07-CV-3359 (JS) (GRB), 2013 WL 1702227, at *4 (E.D.N.Y. Apr. 8, 2013) (noting existing case law does not require public disclosure of class counsel's time records (citing *Cassese*)), *report and recommendation adopted*, 2013 WL 3244824 (E.D.N.Y. June 25, 2013); *McLaughlin v. IDT Energy*, 14-CV-4107 (ENV) (RML), 2018 WL 3642627, at *18 (E.D.N.Y. July 30, 2018) (considering counsel's time records docketed under seal). This settled practice permits counsel to submit attorney time records with a level of candor and transparency that would not otherwise be possible without disclosing privileged and/or proprietary business information. As the party seeking attorneys' fees bears the burden of supporting its claim of hours expended with accurate, detailed, and contemporaneous time records, *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015), sealing serves a vital purpose. Indeed, Your Honor has permitted class counsel's time records to be submitted sealed and ex parte. *See Darish v. Northern Dynasty Minerals Ltd.*, 20-CV-5917, Minute Entry (E.D.N.Y. Dec. 7, 2023) ("Plaintiffs are granted leave to file their contemporaneous billing records and expense documentation in a sealed, ex parte filing on ECF.").

For the same reason, courts in other circuits also routinely permit sealing of counsel time records. *See, e.g., In re: Whirlpool Corp. Front–loading Washer Prod. Liab. Litig.*, 08-WP-65000 (CAB), 2016 WL 5338012, at *17 (N.D. Ohio Sept. 23, 2016) (endorsing sealed submission of class counsel's time records and noting that "the only requirement is that these documents must be

provided to *the Court* for its own review" (emphasis in original)); *see also id*. at \*18 ("Documents supporting attorney fees and expenses are often filed under seal because they obviously include matters covered by attorney work-product and attorney-client privilege."); *Team Sys. Int'l, LLC v. Haozous*, 706 F. App'x 463, 466 (10th Cir. 2017) (upholding the district court's *in camera* review of the billing statements and time records); *Newton v. Am. Debt Servs., Inc.*, 11-CV-3228 (EMC), 2016 WL 7743686, at \*7 (N.D. Cal. Jan. 15, 2016) (granting class counsel's request to file time records under seal); *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 863 F. Supp. 1357, 1362–63 (D. Colo. 1993) ("We have also examined the time records which Class Counsel have submitted under seal. Our independent examination of these records leads us to conclude that Class Counsel efficiently prosecuted this action.").

For the foregoing reasons, Plaintiff respectfully requests that the Court permit filing of Class Counsel's time records under seal and ex parte.

Thank you for the Court's consideration of this request.

Respectfully submitted,

/s/ Steven L. Wittels
Steven L. Wittels

*Class Counsel for Plaintiff and the Class*

cc:  All counsel of record *(via ECF and email)*